617 F.2d 1212
 Ray MALLORY, Plaintiff,
Tenneco Oil Company, Third Party-Defendant-Appellee,
v.
HYDRAULIC WORKOVER, INC., et al., Third Party-Defendants,
Hydraulic Workover, Inc., Third Party-Defendant-Appellant.
Howard L. WALKER, Plaintiff,
Tenneco Oil Company, Third Party-Defendant-Appellee,
v.
HYDRAULIC WORKOVER, INC., et al., Third Party-Defendants,
Hydraulic Workover, Inc., Third Party-Defendant-Appellant.
 No. 79-3527
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 30, 1980.
 
 Henderson, Hanemann & Morris, J. Mark Graham, Houma, La., for appellant.
 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward J. Koehl, Jr., New Orleans, La., for appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RONEY, KRAVITCH and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue concerns whether a third-party defendant is liable to indemnify the third-party plaintiff under an indemnity clause covering personal-injury liability for claims arising out of Tenneco's own "negligence." For a discussion of the applicable principles, see Cole v. Chevron Chemical Co., 477 F.2d 361, 368 (5th Cir. 1973). The third-party defendant, the indemnitor, unsuccessfully contended in the district court that it was not liable for all of the costs of defense because the original suits were grounded not only upon "negligence" but also upon "strict liability." Under the facts, we affirm.
 
 
 2
 This appeal concerns an award in favor of Tenneco on its third-party claim against Hydraulic. Tenneco had been sued for personal-injury damages by two of Hydraulic's employees. They sought recovery on grounds of both negligence and strict liability arising out of closely connected facts. (The strict liability claims against Tenneco were dismissed by directed verdict, while the jury denied the plaintiffs damages on their negligence claims.)
 
 
 3
 The third-party claim by Tenneco sought recovery for its costs, expenses, and attorney's fees incurred in defense of the suits. The basis of Tenneco's third-party claim is an indemnity clause in the contract entered into between Tenneco and Hydraulic, by which the latter contracted to perform certain work on Tenneco's production platform. By the clause, Hydraulic, the contractor, agreed to indemnify Tenneco "against any and all claims, demands, or suits" arising out of the contract, even though resulting from the "negligence" of Tenneco itself.
 
 
 4
 The two employees of Hydraulic had been injured while working for Hydraulic on a fixed platform owned by Tenneco. They sued Tenneco on two grounds: 1) that Tenneco negligently deprived the Hydraulic crew of the only available qualified operator; and 2) that the snubbing unit was sufficiently attached to the Tenneco platform to become a part of the platform, thereby making Tenneco strictly liable under Louisiana Civil Code article 2322 for any defect in the platform. Hydraulic admits that it contracted to indemnify Tenneco, even for Tenneco's own negligence. However, Hydraulic contends that this contract does not require it to indemnify Tenneco for expenses incurred in defending against a claim of strict liability.
 
 
 5
 The district court granted summary judgment for Tenneco on its indemnity claim because under the facts of this case: 1) the strict liability claims were joined with the negligence claims; 2) there were no identifiable costs of defense relating solely to the strict liability claims; and 3) throughout the trial there existed viable negligence claims, while the strict liability claims were dismissed by directed verdict.
 
 
 6
 The district court's conclusion was correct. Tenneco's costs relating to defending against the strict liability claims were almost completely interrelated and intertwined with the costs of defending against the negligence claims. Under these facts, Hydraulic's contractual agreement to indemnify Tenneco against the costs of defending against negligence claims comprehended the costs of defending against interrelated strict liability claims involving the same facts and expenses. Tenneco incurred no additional costs in defending against the strict liability claims.
 
 
 7
 We expressly do not reach the issue whether, in any event, the indemnity clause would have covered liability for damages resulting from strict-liability fault as well as negligence fault on the part of Tenneco. Cf. Olsen v. Shell Oil Co., 595 F.2d 1099, 1103-04 (5th Cir. 1979).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18